

80 Pine Street | 33rd Floor | New York, NY | 10005 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

April 18, 2019

**BY ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

   **Re:** <u>SL-X IP S.A.R.L. v. Bank of America Corp., et al., No. 1:18-cv-10179-RJS</u>

Dear Judge Sullivan:

  We represent the Plaintiff in the above-captioned matter.  We write to request a pre-motion conference seeking permission to file a motion under Fed. R. Civ. P. 15(a)(2), 17(a), and 25(c).  Plaintiff seeks to join its former subsidiaries as plaintiffs in this action; or in the alternative to permit those subsidiaries to ratify Plaintiff's prosecution of any claims that may belong to them.  The Proposed Amended Complaint is attached as Ex. A and a blackline is attached as Ex. B.

**I.**  **Background**

  Plaintiff's underlying claim is as follows.  Defendants control approximately 70% of the stock loan market and reap extraordinary profits from their gatekeeper positions.  Plaintiff SL-x IP S.À R.L. was a financial technology startup whose software enabled customers to opportunity to borrow securities in an efficient and transparent fashion.  That software threatened Defendants' ability to dominate stock lending and extract outsized profits.  In violation of the antitrust laws, Defendants reached an agreement to boycott SL-x so that it could not undermine the control Defendants exercise over the stock lending market.  Defendants also threatened Plaintiffs' potential customers, such as BNY Mellon, State Street, and Northern Trust to convince them not to do business with SL-x and interfered with efforts by SL-x to raise additional capital.

  SL-x IP S.À R.L. originally operated its European business through two wholly-owned subsidiaries, SL-x Trading Europe Limited and SL-x Technology UK Limited.  However, as time went on, several of these entities were wound down and the business of the enterprise was continued by SL-x IP S.À R.L. itself.

  On December 21, 2018, Defendants moved to dismiss the Complaint, arguing, in part, that Plaintiff was not the proper party to advance antitrust claims on behalf of SL-x and that its former subsidiaries should have been named as plaintiffs instead. [Dkt. 68 at 3-10.]  While Plaintiff believes that it had standing to assert antitrust claims as the successor in interest to its shuttered subsidiaries, in an effort to avoid any complications, it began the process of reviving those subsidiaries so that they could be joined or their claims otherwise explicitly assigned.  This process was not complete by the time that Plaintiff's opposition papers were due, even after a brief

The Honorable Richard J. Sullivan
April 18, 2019
Page 2

extension, so Plaintiff sought permission from the Court to file a supplemental declaration at the time that the entities had been revived.  [Dkt. 79].  This application was denied.  [Dkt. 87].

Plaintiff's subsidiaries, specifically SL-x Trading Europe Limited, SL-x Technology UK Limited, SL-x USA Trading LLC, and SL-x Technology USA, have since been restored as legal entities.  Accordingly, Plaintiff seeks permission to either (i) join the subsidiaries as plaintiffs; or (ii) ratify Plaintiff's prosecution of any claims properly belonging to the subsidiaries.

## II.        The Court Should Permit Joinder of the SL-X Subsidiaries

Where a claim is inadvertently brought in the name of the wrong party, Fed. R. Civ. P. 17(a)(3) provides a mechanism by which the defect may be corrected:

> *Joinder of the Real Party in Interest*. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

In applying this rule, "courts in the Second Circuit have generally allowed for substitution when a mistake has been made as to the person entitled to bring suit and such substitution will not alter the substance of the action."  *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 773 (S.D.N.Y. 2011) (collecting cases); *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 584 (S.D.N.Y. 2009) ("[A] standing defect at the commencement of suit does not require dismissal of the action with prejudice. Should the real parties in interest, i.e., the persons or entities that had standing to bring plaintiff's claims at the commencement of the suit, wish to ratify plaintiffs' actions, join the lawsuit, or substitute for the current plaintiffs, the court should allow those parties a reasonable time to do so.").  *See also House of Europe Funding I Ltd. v. Wells Fargo Bank*, Case No. 13-CV-519 RJS, 2015 WL 5190432, at *3 (S.D.N.Y. Sept. 4, 2015) (Sullivan. J.); 6A *Charles Alan Wright et al.*, Federal Practice and Procedure § 1555 (3d ed.) (Rule 17(a)(3) was drafted "to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought.")

"[T]he bar for granting leave to join real parties is low… [a]ttorneys' mere ignorance, incompetence, or lack of diligence need not preclude granting joinder."  *Wiwa v. Royal Dutch Petroleum Co.*, Case No. 01 CIV. 1909 KMWHBP, 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009); *Daebo Int'l Shipping Co. v. Americas Bulk Transp. (BVI) Ltd.*, Case No. 12 CIV. 4750 PAE, 2012 WL 6212614, at *2 (S.D.N.Y. Dec. 13, 2012) ("'[T]he bar for granting leave to join real parties is low. Courts should grant leave to join the real parties in interest if (1) the defect in the named plaintiffs plausibly resulted from mistake ... and (2) correcting this defect would not unfairly prejudice defendants by changing the particulars of the claims against them.'")

In *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997), the Second Circuit reversed the trial court's denial of leave to amend a complaint to resolve a standing defense precisely because Rule 17 required the amendment to be permitted.  Amendment was required because "[t]he complaint's only pertinent flaw was the identity of the party pursuing those claims, and the proposed amended complaint submitted to the court with AMI's motion was,

The Honorable Richard J. Sullivan
April 18, 2019
Page 3

except for naming the selling shareholders as the plaintiffs on their own claims, virtually identical to the original complaint."[1]  *Id.*

As in *Advanced Mechanics*, Plaintiff seeks only to add its subsidiaries without altering any of the complaint's substantive allegations.  Thus, joinder is proper under Rule 17.

### B.        In the Alternative, the Court Should Permit Ratification by the Subsidiaries

"The Second Circuit has held that to ratify a suit, 'the real party in interest must (1) authorize continuation of the action and (2) agree to be bound by its result.'"  *House of Europe Funding*, 2015 WL 5190432, at *3 (*citing Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 83 (2d Cir. 2013)).  This Court has held ratification appropriate where "the nature of the claims, the factual and legal allegations underlying them, and the resulting harm all remain the same."  *Id.* at *4.  It is far from the only court to do so.  *See, e.g., Wells Fargo Nw. Bank, Nat'l. Ass'n. v. Varig-S.A.*, Case No. 02 CIV. 6078(JSR), 2003 WL 21508341, at *3 (S.D.N.Y. June 27, 2003) (approving ratification under Rule 17), *aff'd sub nom. Wells Fargo Nw. Bank Nat. Ass'n v. Varig-S.A.* (*Viacao Aerea Rio-Grandense*), 108 F. App'x 6 (2d Cir. 2004); *Gusto Records, Inc. v. Artists Rights Enforcement Corp.*, Case No. 88 CIV. 0527 (DNE), 1992 WL 26746, at *3 (S.D.N.Y. Feb. 4, 1992) ("Licensees, however, generally do not qualify as real parties in interest. This Court need not address this issue, however, because GML has ratified Gusto's suit, making Gusto a proper plaintiff in this case.") (internal citations omitted).

In this case, Plaintiff's subsidiaries have executed an explicit ratification that provides that they approve of the institution and continuation of this lawsuit and that they agree to be bound by the result.  No modification of the factual claims in the Complaint is necessary or appropriate and Defendants cannot be harmed by the ratification itself.  Accordingly, this Court should approve the ratification under Fed. R. Civ. P. 17(a)(3).

Respectfully submitted,
/s/ Rishi Bhandari
Rishi Bhandari

---

[1]  Some district courts have read *Advanced Magnetics* narrowly, holding that Rule 17 cannot be used when ***all*** of a plaintiff's claims lack standing.  *See In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 115 (S.D.N.Y. 2009) ("To the extent courts allow assignment of a claim after litigation commences, the plaintiff generally has Article III standing on at least one other claim at the time the action was filed.").  However, this narrow approach has been heavily criticized by (1) other district courts, *see*, *e.g. Digizip.com, Inc. v. Verizon Servs. Corp.*, 139 F. Supp. 3d 670, 678 (S.D.N.Y. 2015) ("Putting aside the fact that the existence of the plaintiffs' other claims did not form any part of *Advanced Magnetics*' legal analysis, judgments about standing are made based on an independent analysis of each particular claim. …Put another way, if a party has standing as to one claim, there is no reason why that fact should affect the analysis of standing as to a different claim"), (2) the leading practice guide, 13A *Charles Alan Wright et al.*, Federal Practice and Procedure § 3531 n. 61 (3d ed.), and (3) Judge Sack in a concurrence in *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 425 (2d Cir. 2015).